UNITED STATES  DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NUMBER 07-409 |
| STEVEN J. MERCADEL 30452-034 | SECTION "F"(2) |

ORDER & REASONS

Before the Court are Steven Mercadel's (1) motion for habeas corpus relief and (2) motion to amend judgment, which this Court construes as a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  For the following reasons, the § 2255 motion is DENIED,[1] and the § 3582(c)(2) motion is DENIED without prejudice.[2]

**Background**

A federal grand jury charged Steven Mercadel with violating the Federal Controlled Substances Act in a six-count indictment issued on November 29, 2007.  Count I charged Mercadel with conspiracy to distribute fifty grams or more of cocaine base.  In Counts II through V, he was charged with distribution of 5 grams or

---

[1] The Court finds that there is no need for an evidentiary hearing because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Mercadel, moreover, has produced no "independent indicia of the likely merit of [his] allegations." United States v. Edwards, 442 F.3d 258, 264 (5th Cir.2006) (quoting United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir.1998)).

[2] Mercadel's motion for a Court order regarding the status of these motions is DENIED as moot.

more of cocaine base.  Count VI charged him with distribution of fifty grams or more of cocaine base.

On May 11, 2009, Mercadel entered into a Rule 11(c)(1)(C) plea agreement and pled guilty only to the second count of his indictment.  In exchange for Mercadel's guilty plea and his agreement to an 84-month sentence, the government agreed not to seek a sentence enhancement under 21 U.S.C. § 851 and also agreed to dismiss the remaining counts of the indictment against Mercadel at the time of sentencing.  Mercadel "agree[d] not to contest his sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, 2255."

Mercadel unsuccessfully moved the Court to delay his sentencing, asserting that pending legislation regarding sentencing for cocaine base offenses, if passed, could subject him to lesser sentencing exposure.  On September 17, 2009, the Court sentenced Mercadel to 84 months in the custody of the Bureau of Prisons, as was contemplated in his Rule 11(c)(1)(C) plea agreement.  The next day, Mercadel filed a notice of appeal, to which the U.S. Court of Appeals for the Fifth Circuit responded on June 4, 2010 with a mandate that the appeal be dismissed as frivolous.

On June 1, 2010, Mercadel filed a motion for retroactive application of the 2007 sentencing guidelines, which this Court denied because those sentencing guidelines were in effect at the time his sentence was imposed, because Mercadel agreed to the

sentence, and because his arguments regarding his counsel's alleged improper promises were improperly raised. Mercadel then timely filed two motions which are now pending before the Court: (1) a § 2255 motion, received for filing after its transfer from the Western District of Texas; and (2) a motion to amend the judgment, which this Court treats as a motion to reduce his sentence under § 3582(c)(2).

## Law & Analysis

### I. Section 2255 Motion

A threshold issue that the Court must resolve is whether the waiver of Mercadel's right to contest his sentence contained in the plea agreement precludes this § 2255 action. It does.

#### A.

A defendant may waive his statutory right to appeal as part of a plea agreement. United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995). A waiver of post-conviction relief under § 2255 is valid if the waiver is informed and voluntary. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The defendant must know that he had "a right to appeal his sentence and that he was giving up that right." United States v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994) (internal quotation marks and citation omitted). The Court must "insure that the defendant fully understands his right to appeal and the consequences of waiving that right." United States v. Gonzalez, 259 F.3d 355, 357 (5th Cir.2001) (quoting

3

United States v. Baty, 980 F.2d 977, 979 (5th Cir.1992)).

B.

Here, the evidence is clear that Mercadel's plea and waiver were both knowing and voluntary. Mercadel's signed plea agreement contains an express waiver of his right to seek relief under § 2255. At Mercadel's rearraignment, the Court asked the lawyers to summarize the terms of the plea agreement and Mercadel confirmed that he understood its terms—including that he was agreeing to an 84-month sentence and had waived his right to contest his sentence—and had reviewed it with his lawyer. The Court specifically confirmed that Mercadel had not been induced or persuaded to plead guilty because of any promises or threats made by anyone. Mercadel agreed that he was satisfied with his attorney's advice and services.

But, Mercadel seems to now suggest that because he was a psychiatric patient at one time, he was unable to understand the law which led him to agree to an unlawful sentence. However, in the early phases of his prosecution, Mercadel was sent to a facility in Fort Worth for evaluation. The Court approved the parties' joint stipulation that Mercadel was competent to proceed. And, furthermore, the Court was aware of Mercadel's psychiatric condition at the rearraignment. In response to this Court's questioning, Mercadel indicated that he was able to proceed. Both the prosecution and Mercadel's counsel confirmed that they were

4

satisfied that Mercadel was able to understand and knowingly participate in the proceedings.  Mercadel's attorney also stated that he was satisfied that Mercadel was pleading guilty voluntarily, understandingly and with full knowledge of the consequences of his plea.

Mercadel now suggests that his counsel misrepresented appeal issues about Mercadel's 84-month sentence and urged him to sign the plea agreement.  But the plea agreement clearly waived Mercadel's right to an appeal, and set a sentence of 84 months, which everyone, including this Court accepted.  Mercadel asserted that he understood these terms.  He confirmed that he had read the plea agreement, that it had been explained to him, that he had signed it after discussing it with his attorney, and that he understood it.  And this Court's interrogation of Mercadel was extensive and probing.  His "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Mercadel acknowledged that he read and understood the plea agreement at his rearraignment, that he was found competent to proceed, and that he has presented no other evidence that his waiver was not knowing or voluntary.  The Court finds that Mercadel understood the waiver of his right to file post-conviction motions when his plea was accepted.  Accordingly, Mercadel effectively waived his post-conviction rights and the Court DENIES his § 2255

motion.³

## II.  Section 3582(c)(2) Motion

Mercadel's so-called motion to amend judgment amounts to a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  He seeks a reduction of his sentence to 32 months based on the retroactive application of the reductions provided for in the 2010 Fair Sentencing Act.

On June 30, 2011, the United States Sentencing Commission unanimously voted to give retroactive effect to the permanent guideline amendment regarding crack cocaine offenses that implemented the Fair Sentencing Act of 2010.  Both the permanent guideline amendment and retroactivity of the permanent guideline amendment become effective on November 1, 2011, absent congressional action to the contrary.

On August 18, 2011, Chief Judge Sarah Vance, of the United States District Court for the Eastern District of Louisiana, ordered the creation of a Cocaine Base Retroactivity Screening Committee for Parts A and C of Amendment 750 to the Act.  That

---

³  Mercadel also fails to show ineffective assistance of counsel because he does not show "a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on a trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The evidence against Mercadel was overwhelming, and, if convicted, he faced a statutory minimum sentence of twenty years if convicted of Count One or Six of his indictment, given a prior felony drug conviction and an enhancement being filed.  His plea of guilty offered him certain assurances, including a significantly reduced sentence of 84 months.

committee has been directed to screen all cases of defendants identified by the United States Administrative Office for the United States Courts or by the United States Sentencing Commission as potentially eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) as a result of the retroactive application of Amendment 750, as included in USSG 1B1.10(c), effective November 1, 2011.

    Pending the results of the Screening Committee, Mercadel's motion is DISMISSED without prejudice.

    New Orleans, Louisiana, August 29, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE